IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

HOLLY HULSEY,

       Plaintiff,

v.

CREDIT SYSTEMS INTGERNATIONAL,
INC., MIDLAND FUNDING LLC, CMRE
FINANCIAL SERVICES, INC.,
PORTFOLIO RECOVERY ASSOCIATES,
LLC, EQUIFAX INFORMATION
SERVICES, LLC, EXPERIAN
INFORMATION SOLUTIONS, INC., and
TRANS UNION, LLC,

       Defendants.

Case No. 6:23-cv-00477-JCB-JDL

**DEFENDANT TRANS UNION LLC'S
MOTION FOR JUDGMENT ON THE PLEADINGS
AND MEMORANDUM IN SUPPORT**

Pursuant to Federal Rule of Civil Procedure 12(c), Defendant Trans Union LLC ("Trans Union"), files this Motion for Judgment on the Pleadings and Supporting Memorandum of Law ("Motion") and moves the Court to enter judgment in its favor on the pleadings. In support thereof, the Trans Union respectfully shows the Court as follows:

## I.    INTRODUCTION

Holly Hulsey ("Plaintiff") brought this action against Trans Union, alleging violations of the Fair Credit Reporting Act ("FCRA") in connection with Trans Union's reporting of five (5) accounts that are in collections: (a) Portfolio Recovery Associates Account ending #1901 (the "PRA ["A"] account"); (b) Portfolio Recovery Associates Account ending #2634 (the "PRA ["B"] account) (collective the "PRA Accounts"); (c) CMRE Financial Services Account (the "CMRE Account"); (d) Midland Funding Account (the "Midland Account"); and (e) the LVNV Funding

1

Account ("LVNV Account") (collectively, the "Disputed Collections").  In her Complaint,
Plaintiff failed to provide any facts establishing an inaccuracy in a consumer report and failed to
provide notice to Trans Union of a purported reporting error when she allegedly disputed the
information with Trans Union.  Accordingly, all of Plaintiff's claims alleged against Trans Union
must be dismissed with prejudice.

## II.    RELEVANT FACTUAL ALLEGATIONS

Plaintiff alleges the CRA Defendants willfully or negligently violated 15 USC §1681e(b)
by failing to establish reasonable procedures to assure maximum possible accuracy in the
preparation of credit reports and 15 USC §1681i by failing to conduct a reasonable reinvestigation.
ECF No. 1 ¶¶ 280, 282, 285, 287.  Her claims arise from vague allegations of inaccuracies
involving Trans Union's reporting of Plaintiff's Disputed Collections.  *See* ECF No. 1, ¶¶ 62, 127,
167, 203.  However, Plaintiff fails to provide any specific factual inaccuracies and instead vaguely
alleges that each of the Disputed Collections have been reported to her credit file with inaccurate
balance, status, and delinquency information. *See* ECF No. 1, ¶¶ 55-57, 131-133, 171-173, 207-
209.

In support of her allegations, Plaintiff claims she sent Trans Union a dispute letter dated
August 16, 2022 (the "Dispute Letter") and attached the Dispute Letter as Exhibit C to her
Complaint.  *See* ECF No. 1, ¶¶ 62-63, 138-139, 178-179, 214-215, and Exh C. However, the
Dispute Letter does not contain any of the allegations that Plaintiff made in her Complaint of an
inaccurate balance, inaccurate status, or inaccurate delinquency information. *Id.*  Instead, Plaintiff
merely states in the Dispute Letter that Trans Union is reporting "inaccurate and incomplete credit
information," without any explanation of what she believes is inaccurate or incomplete.  *Id*. at Exh.
C.  Plaintiff also only references four of the five alleged accounts in the Dispute Letter: the two
PRA Accounts, CMRE Account, and the Midland Account; there is no mention of the LVNV

Account. *Id.*

### III.    <u>LEGAL STANDARD</u>

#### A.    12(b)(6) Failure to State a Claim

The standard applied in deciding a Rule 12(c) motion for judgment on the pleadings is identical to a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Guidry v. Am. Public Life Ins., Co.*, 512 F.3d 177, 180 (5th Cir. 2007); *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). To withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557). A "plausible claim for relief" is one where the claimant pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. Such a claim "asks for more than a sheer possibility that a defendant has acted unlawfully," and requires more than the assertion of facts "that are 'merely consistent' with a defendant's liability." *Id.*

When considering a motion to dismiss for failure to state a claim, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (internal quotation omitted); *Jones v. Alcoa, Inc.*, 339 F.3d 359, 362 (5th Cir. 2003) (same). Rather, to avoid dismissal, a "plaintiff must plead facts, not mere conclusory allegations." *Carter v. Diamond URS Huntsville, LLC*, 175 F. Supp. 3d 711, 731 (S.D. Tex. 2016); *Aztec Oil & Gas, Inc. v. Fisher*, 152 F. Supp. 3d 832, 839 (S.D. Tex. 2016). In other words, a plaintiff must plead a "plausible claim for relief" – one where the claim affirmatively shows "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. Indeed, a plaintiff must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" to survive a motion to dismiss. *Id.*

**B.      The Court May Consider Documents Outside the Complaint**

In addition to the pleadings, the court can consider any documents attached to the complaint as exhibits or incorporated into the complaint by reference.  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).  Plaintiff attached the Dispute Letter as Exhibit C to her Complaint. *See* ECF No., 1, Exh C.  Accordingly, the Court may freely consider Exhibit C when deciding Trans Union's Motion for Judgment on the Pleadings without converting it into a motion for summary judgment. *See Collins,* 224 F. 3d at 498-99 (5th Cir. 2000).

## IV.      ARGUMENTS AND AUTHORITIES

**A.      Plaintiff has Failed to Plead an Inaccuracy and Therefore Plaintiff's FCRA Claims Fail as a Matter of Law**

Both § 1681e(b) and § 1681i, the only sections of the FCRA upon which this case is predicated, require a plaintiff to plead and prove a factual inaccuracy in her credit report. *Washington v. CSC Credit Servs., Inc.*, 199 F.3d 263, 267 n.3 (5th Cir. 2000); *Harter v. RealPage, Inc.*, 218 F. Supp. 3d 535, 540 (E.D. Tex. 2016); *Morris v. Trans Union*, 420 F. Supp. 2d 733, 751 (S.D. Tex. 2005); *Carvalho v. Equifax*, 629 F.3d, 876, 890 (9th Cir. 2010); *DeAndrade v. Trans Union, LLC*, 523 F.3d 61, 68 (1st Cir. 2008); *Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.2d 1151, 1156–60 (11th Cir. 1991).  "Like § 1681i claims, § 1681e claims require the existence of an inaccuracy in the credit report." *Drummond v. Equifax Info. Servs., LLC*, No. 5:20-CV-1362-DAE, 2021 BL 519750, at *4 (W.D. Tex. July 14, 2021).

**1.      There is No Factual Inaccuracy Alleged in Plaintiff's Dispute Letter, Attached as Exhibit C**

When an exhibit contradicts the allegations in the complaint, the exhibit controls. *Associated Builders, Inc. v. Ala. Power Co.,* 505 F.2d 97, 100 (5th Cir. 1974) (stating "[i]f the appended document, to be treated as part of the complaint for all purposes under Rule 10(c),

4

Fed.R.Civ.P., reveals facts which foreclose recovery as a matter of law, dismissal is appropriate."); *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013) (finding that "[w]hen an exhibit incontrovertibly contradicts the allegations in the complaint, the exhibit ordinarily controls, even when considering a motion to dismiss." *See also Ferguson v. Dunn*, No. 1:16-CV-00272, 2018 BL 198541, at *30 (E.D. Tex. Apr. 27, 2018).

In this case, the disputes set forth in Plaintiff's Dispute Letter contradict the allegations in Plaintiff's Complaint and therefore, Exhibit C should control. *See* ECF No., 1 ¶¶ 62-63, 138-139, 178-179, 214-215; *compare* Exhibit C. First, Plaintiff's Dispute Letter does not mention LVNV account at all, and therefore Plaintiff cannot plausibly claim that Trans Union failed to conduct a reasonable investigation of that account. *See*, ECF No. 1, ¶¶ 62-63, Exh. C. Further, the Dispute Letter makes no mention of inaccurate balances, inaccurate statuses, or inaccurate delinquency information, and instead merely states that the information "inaccurate and incomplete" and demands "proof of how [Trans Union] dealt with the information" contained in Plaintiff's report. *See* ECF No. 1, Exh. C. Trans Union could not, and should not be expected to, decipher what information Plaintiff believed was inaccurately reporting with respect to the Disputed Collections, much less how they were inaccurate, or how such inaccuracies resulted from an alleged failure to maintain reasonable procedures or conduct a reasonable reinvestigation. *See generally* ECF No. 1, Exh. C. Plaintiff's vague, generalized allegations of inaccurate balances, inaccurate statuses, and inaccurate derogatory information cannot provide the basis for a reasonable reporting or a reasonable reinvestigation claim under the FCRA because Plaintiff failed to allege any factual inaccuracies, offering only conclusory allegations that the Disputed Collections on her report are inaccurate and/or incomplete. *Ashcroft*, 556 U.S. at 678 (a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face); *See* ECF No.

5

1, Exh. C.

Assuming that Plaintiff is attempting to allege that Trans Union is inaccurately reporting balances on collections accounts, for the sole purpose of interpreting Plaintiff's claims in the light most favorable to Plaintiff, her claims still fail. Courts have routinely held that reporting a balance on a collection account is not inaccurate. *Palmer v. ProCollect, Inc.*, No. 6:19-CV-82-JDK, 2020 BL 310141, at *5 (E.D. Tex. May 5, 2020) (finding that the plaintiff could not demonstrate that the reporting of a $1,999 balance on a collections account was inaccurate); *Lewis v. Midland Credit Mgmt.*, No. CIV-15-1052-R, 2016 BL 296812, at *3 (W.D. Okla. Sept. 12, 2016) (where the plaintiff failed to establish any inaccuracy existed when Midland reported a $761 balance on a collections account); *Reed v. Midland Funding, LLC*, No. 3:13CV775-S, 2013 BL 293775, at *2 (W.D. Ky. Oct. 23, 2013) (dismissing vague FCRA claims regarding the reporting of a collection account with a balance); *Hall v. LVNV Funding, LLC*, No. 6:16cv36, 2017 BL 469695, at *4 (E.D. Tex. Aug. 11, 2017) (finding that there was no evidence to suggest that the reporting of a collections account with a $429.88 balance was inaccurate).

Plaintiff completely fails to provide any facts in support of her claims that the Disputed Collections are inaccurate or incomplete and at best simply disagrees with Trans Union's reporting and reinvestigation. Plaintiff's claims against Trans Union pursuant to 15 U.S.C. 1681e(b) therefore fail as a matter of law and must be dismissed.

### 2.    Plaintiff's Vague and Conclusory Allegations of Inaccuracy in the Complaint are Also Insufficient as a Matter of Law

While Exhibit C controls and does not allege any inaccuracy, if the Court were to consider the allegations in Plaintiff's Complaint, those allegations are also insufficient to support claims against Trans Union under the FCRA. Specifically, Plaintiffs allegations of inaccuracy are vague and devoid of any concrete factual allegations regarding what – if anything – is wrong with Trans

Union's reporting.  Plaintiff's Complaint alleges that each of the Disputed Collections contains inaccurate balance, status and delinquency information,[1] but no facts as to why she believes the balances, status, and delinquency information is inaccurate. *See* ECF No. 1, ¶¶ 55-57, 131-133, 171-173, 207-209. Here, Plaintiff alleges nothing more than conclusions without any "further factual enhancement" which is not enough to state a claim.  *Twombly*, 550 U.S. at 546.

Numerous courts have held that a plaintiff's broad and unsupported statement that there is an inaccuracy – without further explanation as to what specifically is inaccurate – is his subjective belief and not sufficient to support an FCRA claim. *See Barakat v. Equifax Info. Servs., LLC*, No. 16-10718, 2017 WL 3720439, at *3 (E.D. Mich. Aug. 29, 2017) (*citing Dickens v. Trans Union Corp.*, 18 F. App'x 315, 318 (6th Cir. 2001)) ("Courts have repeatedly held that a personal opinion is 'mere speculation that the notation was misleading' and is therefore insufficient to support a claim of inaccuracy under the FCRA."); *Gomez v. EOS CCA*, No. CV-18-02740-PHX-JAT (DMF), 2020 WL 3271749, at *3 (D. Ariz. June 17, 2020) (*quoting Shaw v. Equifax Info. Solutions, Inc*., 204 F. Supp. 3d 956, 961 [E.D. Mich. 2016] "A consumer's personal opinion or speculation is 'insufficient to support a claim of inaccuracy under the FCRA."); *Bailey v. Equifax Info. Servs., LLC*, No. 13-cv-10377, 2013 WL 3305710, at *5 (E.D. Mich. July 1, 2013) (conclusory allegations of inaccuracy are insufficient); *Elsady v. Rapid Global Bus. Solutions, Inc*., No. 09-cv-11659, 2010 WL 2740154, at *7 (E.D. Mich. July 12, 2010) ("[A] plaintiff's mere assertion that a report was misleading, or even his proof that a lay person would be misled, is insufficient to establish that a report was misleading and, therefore, inaccurate.").  Plaintiff alleges just that – her subject belief that the Disputed Collections are inaccurate. She provides no factual

---

[1] Since November 1, 2023, Plaintiff's counsel has brought more than two dozen almost identical claims in Texas courts claiming that the reporting contains an inaccurate balance, status and delinquency information without any indication as to what the alleged inaccuracies are.

basis for why any balance, status, or delinquency information[2] could be inaccurate, nor does she provide facts supporting what she believes the accurate reporting would be.  Without such detail, Plaintiff has only made conclusory allegations that the accounts are inaccurate that are not sufficient to support claims against Trans Union under the FCRA.  Because Plaintiff has not provided any concrete factual assertions demonstrating an inaccuracy in order to "nudge[] [her] claims across the line from conceivable to plausible,"  her complaint must be dismissed.  *Twombly*, 550 U.S. at 570.

**B.    Plaintiff Failed to Give Trans Union Notice of a Purported Reporting Error and Accordingly, Plaintiff's Claims Under 15 USC 1681i Fail.**

As stated above, Plaintiff's Exhibit C controls and does not allege any inaccuracy.  However, if the Court were to consider the allegations in Plaintiff's Complaint, Plaintiff's 15 USC §1681i claim against Trans Union fails because Plaintiff did not provide Trans Union with proper notice of the claims against it, including and most importantly, the alleged purported reporting error. "In order to trigger a credit reporting agency's duty under the FCRA to investigate a claim of inaccurate information, a consumer must notify the agency of the purported reporting error." *Herisko v. Bank of America*, 367 Fed.Appx. 793, 794 (9th Cir. 2010) *citing* 15 U.S.C. § 1681i(a)(1)(A). "If a consumer later sues a CRA for a violation of its reinvestigation duty under § 1681i(a), he or she may only sue based on alleged violations of which the consumer provided notice to the CRA. If the consumer raises additional alleged violations in his or her lawsuit for which the consumer had not previously provided notice of the dispute to the CRA, those claims must be dismissed." *Petty v. Equifax Info. Servs. LLC*, No. CCB-10-694., 2010 BL 262783, at *3 (D. Md. Oct. 25, 2010).

---

[2] It should be noted that this term on its own is vague to the point of near indecipherability.  Delinquency information could be read to mean literally any negative reporting with respect to an account and thus could include dozens of possibilities.  The CRA Defendants will not address this in detail, however, in order to respect the Court's time.

In *Herisko,* the plaintiff submitted a dispute letter to Experian stating that his second mortgage with Bank of America was not discharged but instead exempted from bankruptcy. *Herisko*, 367 Fed.Appx. 793, 794. In the lawsuit filed against Experian, Plaintiff alleged that the Experian report failed to reflect the fact and consequences of his second mortgage "riding through" the bankruptcy. *Id*. The Ninth Circuit found that because the dispute letter did not provide the details of the inaccuracy claimed by Plaintiff in the Complaint, *i.e.*, the facts and consequences related to the second mortgage, that Experian was not on notice of Plaintiff's claims against it and therefore held the district court properly dismissed Plaintiff's claims against Experian. *Id.*

Much like the Plaintiff in the *Herisko* case, Plaintiff failed to provide Trans Union with notice of the claims made against it in Plaintiff's Complaint, *i.e.* the inaccurate balance, status and delinquency information. Instead, Plaintiff's Dispute Letter only alleged that the Disputed Collections were "inaccurate and incomplete." Further, Plaintiff failed to address the LVNV Account at all in her Dispute Letter. *See generally* ECF No. 1, Exh. C. Because Plaintiff failed to put Trans Union on notice of her purported reporting error claims as vaguely alleged in the Complaint, Plaintiff's 15 USC §1681i claims against Trans Union must be dismissed with prejudice.

## V.    <u>CONCLUSION</u>

Because Plaintiff has failed to allege an inaccuracy, and in turn, has failed to put the Trans Union on notice of any purported reporting inaccuracy, Plaintiff has failed to plead any viable FCRA claim. Any attempt at amendment would be futile, as the information provided in Plaintiff's Dispute Letter would not and cannot change.  Accordingly, Trans Union's Motion for Judgment on the Pleadings should be granted as a matter of law, and Plaintiff's Complaint should be dismissed, with prejudice.

Respectfully submitted,

*/s/ Jennifer Wade*
**JENNIFER WADE**
Texas Bar No. 24052640
jwade@qslwm.com
**QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.**
6900 N. Dallas Parkway, Suite 800
Plano, Texas 75024
(214) 560-5466
(214) 871-2111 Fax
***Counsel for Trans Union LLC***

10

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 14th day of February 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Joel Spencer Halvorsen
joel@hklawstl.com
Halvorsen Klote
680 Craig Rd, Suite 104
St. Louis, MO 63141
(314) 451-1314
(314) 787-4323 Fax
***Counsel for Plaintiff***

Forrest Mathew Seger, III
tseger@clarkhill.com
Clark Hill PLC
2301 Broadway Street
San Antonio, TX 78215
(210) 250-6162
(210) 250-6100 Fax
***Counsel for Equifax Information Services, LLC***

Christopher Austin John
cjohn@mcglinchey.com
McGlinchey Stafford
6688 N. Central Expressway, Suite 400
Dallas, TX 75206
(214) 445-2419
***Counsel for Midland Credit Management, Inc.***

*/s/ Jennifer Wade*
**JENNIFER WADE**

11